

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00291-CR

Kevin Wayne **NICHOLS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR3257
Honorable Frank J. Castro, Judge Presiding

Opinion by:   Lori I. Valenzuela, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                 Lori I. Valenzuela, Justice
                 Lori Massey Brissette, Justice

Delivered and Filed: April 9, 2025

AFFIRMED; MOTION TO WITHDRAW GRANTED

In March of 2022, a Bexar County grand jury indicted appellant Kevin Wayne Nichols for aggravated assault with a deadly weapon. The indictment alleged that Nichols threatened the complainant, Brandey Nichols, with a knife.[1] Nichols pleaded nolo contendere, and the State recommended deferred adjudication. On February 2, 2023, the trial court signed an order of deferred adjudication, placed Nichols on community supervision for three years, and ordered him to comply with eighteen conditions of community supervision.

---

[1] The complainant's name is spelled both "Brandey" and "Brandy" in the appellate record. We will use the spellings as they appear in court documents. Although not alleged in the indictment, the record shows the complainant is Nichols's wife.

On August 7, 2023, the State filed a motion to enter adjudication of guilt and revoke community supervision, alleging that Nichols violated the terms of his community supervision by committing the offense of terroristic threat and failing to participate in a battering intervention and prevention program. The trial court denied the State's motion to revoke, but it added an additional condition of community supervision.

On March 8, 2024, the State filed a second motion to enter adjudication of guilt and revoke community supervision, alleging that Nichols violated the terms of his community supervision by committing the offense of assault; failing to participate in a battering intervention and prevention program; and harming or injuring Brandy Nichols. The State then supplemented its pending motion to add allegations that Nichols violated the terms of his community supervision by committing the offense of terroristic threat and "illegally us[ing] a controlled substance, namely: Methamphetamine, per defendant's admission[.]"

During the April 17, 2024 hearing on the State's motion to revoke, Nichols pleaded true to the allegation that he used methamphetamine. The trial court accepted Nichols's plea, found the allegation to be true, found him guilty of the underlying aggravated assault, and sentenced him to five years in prison. Nichols timely filed a pro se notice of appeal, and the trial court appointed counsel to represent him in this appeal.

On appeal, Nichols's court-appointed appellate attorney filed a brief in which he concludes this appeal is frivolous and without merit, and requests to withdraw as counsel. The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California,* 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel sent copies of the brief, which included a request to withdraw, to Nichols and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313

(Tex. Crim. App. 2014). This court notified Nichols of the deadline to file a *pro se* brief. On March 5, 2025, Nichols filed a letter we construe as a brief.

We have thoroughly reviewed the record, counsel's brief, and Nichols's letter brief. We find no arguable grounds for appeal exist and have decided the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). We therefore grant appointed counsel's motion to withdraw and affirm the trial court's judgment. *See Bledsoe*, 178 S.W.3d at 826–27; *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Nichols wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Lori I. Valenzuela, Justice

DO NOT PUBLISH